

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 4 12
BY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **THOMAS R. HOWELL** | **CIVIL ACTION NO. 12-951** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **TOWN OF BALL, DANIEL CALDWELL, ROGER TONEY, CURTIS ROBERTSON, WILLIE BISHOP, JERRY GIDDINGS, CHRIS COVINGTON, GINNY POTEET and ROY E. HEBRON** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court are three (3) motions to dismiss and one (1) motion to strike filed by defendants in the above-captioned suit. For the reasons expressed herein, the court finds that such motions should be granted in part and denied in part.

I.     **BACKGROUND**

A.     **Relevant facts and procedural history**

Plaintiff Thomas R. Howell is a former police officer for the town of Ball, Louisiana. In 2008, while serving as a Police Sergeant, plaintiff became a confidential informant to the Federal Bureau of Investigations ("FBI"). Plaintiff provided information to the FBI regarding allegations that the Mayor, defendant Roy E. Hebron ("Hebron"), as well as other town officials and employees fraudulently applied for and obtained Federal Emergency Management Agency ("FEMA") disaster recovery funds for the town of Ball. The FBI commenced an investigation of

1

these allegations, in which plaintiff participated by surreptitiously recording conversations between Hebron and others concerning FEMA funds.

On September 25, 2009, Hebron and four (4) other Ball employees were indicted by a federal grand jury.[1]   On February 5, 2011, Hebron pled guilty to Count I of the indictment, conspiracy to defraud the United States.[2]   Hebron was subsequently sentenced to 48 months in prison, 3 years supervised release, a fine in the amount of $25,000 and restitution to FEMA in the amount of $105,566.10.[3]

Plaintiff alleges that defendant Daniel Caldwell ("Caldwell") became the interim Chief of Police after Chief of Police Jay Barber, among those indicted with Hebron in 2009, resigned. Plaintiff further alleges that, during the course of the criminal trial of Hebron and Barber, Hebron became aware that plaintiff acted as an FBI informant and relayed such information to Caldwell, who completed his interim duty and was, thereafter, elected to a full term as Ball Chief of Police.

Plaintiff asserts that he was subjected to retaliatory harassment by Caldwell, who "frequently ask[ed] plaintiff if he was wearing a wire when they had work-related discussions and advis[ed] plaintiff that he...did not trust plaintiff."[4]   Plaintiff further asserts that, approximately eight (8) days after Hebron's sentencing in the above-referenced criminal matter, he learned that Caldwell was conducting an investigation of plaintiff, of which plaintiff had not been notified pursuant to LSA-R.S. 40:2531.  On the same day, plaintiff also asserts that he visited Caldwell's home to ask about the covert investigation, which Caldwell confirmed was being conducted at that time.  Plaintiff alleges that he and Caldwell engaged in a "heated

---

[1] USA v. Hebron, 1:09-cr-00234 (W.D. La.) at R. 1.
[2] Id. at R. 110.
[3] Id. at R. 206, 208.
[4] R. 26 at ¶ XV.

discussion" that ended with Caldwell firing plaintiff for "'insubordination and disrespect of a superior officer.'"

Plaintiff alleges that he was informed in writing on or about June 1, 2011 that his employment status would be the subject of an executive session of the town council on June 3, 2011. Plaintiff attended the scheduled meeting, where he learned that his termination was recommended to the aldermen of the council by Caldwell and defendant Roger Toney ("Toney"), who replaced Hebron as Mayor. Plaintiff asserts that his employment was terminated during the meeting.

Plaintiff filed suit against the town of Ball, the above-named defendants and Curtis Robertson ("Robertson"), Willie Bishop ("Bishop"), Jerry Giddings ("Giddings"), Chris Covington ("Covington") and Genny Poteet ("Poteet"), each of whom served as an alderman for the town of Ball during the period of time at issue in this case. Plaintiff later amended his complaint so that it now asserts claims against defendants Caldwell, Toney, Robertson, Bishop, Giddings, Covington and Poteet in their official and individual capacities. Plaintiff alleges violations of his First and Fourteenth Amendment rights, as well as 31 U.S.C. § 3730, LSA-R.S. 40:2531 and La. Civ. C. Art. 2315.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was filed by defendants Toney, Robertson, Bishop, Giddings, Covington and Poteet, alleging that they are not proper defendants to claims under 31 U.S.C. § 3730 because none of them was plaintiff's employer.[5] Defendants town of Ball, Toney, Robertson, Bishop, Giddings, Covington and Poteet filed a motion to strike plaintiff's claims for punitive or exemplary damages against them in their official capacities on the basis that such claims against the town of Ball are not available under Section 1983 and, as to

---

[5] R. 8.

the individual aldermen, such claims amount to duplicative claims against the municipality.[6] Defendant Caldwell filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that claims against him in his official capacity are tantamount to claims against the town of Ball; that Caldwell is not a proper defendant to claims under 31 U.S.C. § 3730 because he was not plaintiff's employer; that plaintiff's First Amendment retaliation claim must be dismissed because plaintiff has not demonstrated that he participated in protected speech or that he was terminated for any such activity; and that plaintiff's punitive damage claims against Caldwell in his official capacity should be dismissed because plaintiff may not be held liable for such damages in his official capacity.[7] Finally, defendant Hebron filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that claims against him in his official capacity are duplicative of claims against the town of Ball; that claims against him under 31 U.S.C. § 3730 must be dismissed because he was not plaintiff's employer; and that Hebron may not be held liable in his official capacity for punitive damages.[8]

The court's review of the record in this matter indicates that these four (4) motions are now ripe for decision. The law and argument advanced by the parties is considered below.

### B.    Applicable standards

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) avers that a complaint fails to state a claim as to which relief may be granted by the court. Dismissal of a complaint under Rule 12(b)(6) is a disfavored remedy and is rarely granted.[9] The court must deny such motion unless it appears beyond doubt that plaintiff can prove any set of facts which would entitle him to

---

[6] R. 9.
[7] R. 12.
[8] R. 15.
[9] Kaiser Aluminum & Chemical Sales v. Avondale Shipyards, 677 F.2d 1045 (5th Cir. 1982).

relief.[10]  The court must construe the complaint liberally, taking all well-pleaded facts as true for the purpose of the motion before it.[11]

A motion to strike, such as is now before this court, is authorized under Fed. R. Civ. P. 12(f).  The court, taking all well-pled facts as true, may, on its own or on a motion from either party, strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[12]  A motion to strike under Rule 12(f) has been interpreted as the proper procedural device for striking punitive damage claims in suits where such damages not an available remedy.[13]

## II.    ANALYSIS

### A.    Plaintiff's claims under 31 U.S.C. § 3730

The False Claims Act ("FCA") imposes liability upon a person who, among other things, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval."[14]  31 U.S.C. § 3730(h) provides that

> [any] employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

---

[10] Jenkins v. McKeithen, 395 U.S. 411 (1969); Conley v. Gibson, 355 U.S. 41 (1957); U.S. ex rel. Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370 (5th Cir. 2004); Beanal v. Freeport-McMoran, Inc., 197 F.3d 161 (5th Cir. 1999).
[11] Beanal, 197 F.3d at 164 citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).
[12] Fed. R. Civ. P. 12(f).
[13] Murphy v. American Motor Sales Corp., 570 F.2d 1226 (5th Cir. 1978); Roger Lee, Inc. v. Trend Mills, Inc., 410 F.2d 928 (5th Cir. 1969); 27 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 62:421 (L.Ed. 2012).
[14] 31 U.S.C. § 3729(1)(A).

As noted above, each defendant to this suit, except the town of Ball, filed a motion to dismiss all claims under this provision against them on the basis that liability under this provision may only be imposed upon the plaintiff's employer.  Plaintiff argues that the statutory language quoted by the movants is inaccurate in light of 2009 amendments which removed the phrase "by his or her employer" from § 3730(h).  Plaintiff alleges that the removal of this phrase indicates legislative intent to broaden the class of viable defendants to such claims, but cites no authority in support thereof.[15]

Defendants point out that, in the recent case Riddle v. Dyncorp International Incorporated,[16] the U.S. Fifth Circuit Court of appeals affirmed the longstanding view the FCA's anti-retaliation provisions create a cause of action against an employer.  Defendants also point out that Riddle concerned the September 1, 2009 termination of plaintiff, placing his claims under the amended version of §3730(h).[17]

The court has thoroughly reviewed the jurisprudence surrounding this issue and finds no support for plaintiff's conclusion that the omission of the phrase "by his or her employer" resulted in the expansion of FCA retaliation claims to non-employer defendants.  We also concur with defendants' observation that an alteration in the terms or conditions of employment, whether by demotion, termination or otherwise, may only be carried out by plaintiff's employer, which further supports the view that FCA retaliation claims may only be brought against a plaintiff's employer.

Plaintiff's complaint alleges that he was employed by the town of Ball.[18]  Plaintiff's opposition to the motions at issue cites LSA-R.S. § 33:423(A), which states that in municipalities

---

[15] The two cases cited by plaintiff at R. 20, p. 5, do not evidence an adoption of plaintiff's theory by any court.
[16] 666 F.3d 940, 941 (5th Cir. 2012).
[17] R. 24 at p. 4.
[18] R. 1, 26 at ¶¶ V, XX.

such as the town of Ball, the chief of police will make recommendations to the mayor and board of aldermen for disciplinary actions against officers and dismissal of police personnel.  The court finds that this provision, especially when read together with subsection (C),[19] which specifically governs the actions taken against plaintiff in this matter, evidences that the town of Ball employed plaintiff.

Accordingly, the motions to dismiss claims against them under 31 U.S.C. § 3730 brought by defendants Caldwell, Toney, Robertson, Bishop, Giddings, Covington and Poteet will be granted and all such claims against them dismissed with prejudice.  Although the court's review of plaintiff's original and amended complaint reveals that defendant Hebron is only named in his individual capacity, out of an abundance of caution, to the extent that plaintiff asserts claims against Hebron in his official capacity, such claims will also be dismissed with prejudice.  The court notes that plaintiff's § 3730(h) claim against defendant town of Ball will be preserved for further proceedings consistent with this opinion.

### B.      Plaintiff's punitive damages claims

Plaintiff's complaint, as amended, seeks the imposition of punitive damages upon all named defendants for violation of federal and state law.  All of the named defendants to this suit filed motions to strike or to dismiss plaintiff's punitive damage claims against them on the bases that (1) punitive damages are not recoverable as against municipalities under 42 U.S.C. § 1983 and (2) claims against individual named defendants in their official capacities are duplicative of claims against the town of Ball, against which punitive damages may not be awarded.

---

[19] LSA-R.S. 33:423(C)(1)(A) provides that "...the elected chief of police of any municipality governed by the provisions of this Part is authorized to immediately effect disciplinary action on police personnel and to dismiss any such personnel subject to the approval of the governing authority of the municipality.  Any such disciplinary action or dismissal shall be deliberated by the governing authority at the first special or regular meeting of the governing authority after any such determination has been made by the chief of police."

It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983.[20]  It is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability.[21]  Where official capacity claims are duplicative of claims against the municipality itself, the official capacity claims should be dismissed.[22]

Thus, the court finds plaintiff's claim for punitive damages against the town of Ball under 42 U.S.C § 1983 must be stricken because such damages are not recoverable as against a municipality.  The court also finds that all claims by plaintiff against any defendant in his or her official capacity must be dismissed with prejudice as duplicative of plaintiff's claims against the town of Ball.  The court notes that all individual capacity claims against defendants will be preserved for further proceedings consistent with this opinion.[23]

The court expressly rejects plaintiff's theory that municipal liability for punitive damages may now be an available remedy under the U.S. Supreme Court's recent ruling in Citizens United v. Federal Election Commission.[24]  Plaintiff cites no authority for transposing the Court's ruling as to free speech rights of corporate entities onto the issue now before us.

### C.   Plaintiff's individual capacity Section 1983 claim against Caldwell for retaliatory discharge for exercise of free speech

Defendant Caldwell's motion asserts, alternatively, that plaintiff's free speech retaliation claim against him should be dismissed because plaintiff's complaint fails to allege that he was terminated for the exercise of free speech.  Defendant, accordingly, concludes that plaintiff is unable to demonstrate a prima facie case of retaliatory discharge in this case.

---

[20] Cook County, Ill. V. U.S. ex rel. Chandler, 538 U.S. 119 (2003); City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); Webster v. City of Houston, 735 F.2d 838 (5th Cir. 1984).
[21] Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).
[22] Castro Romero v. Becken, 256 F.3d 349 (5th Cir. 2001).
[23] As of the date of this ruling, defendants had not amended their pending motions regarding individual capacity claims.
[24] 130 S.Ct. 876, ___ U.S. ___ (2010).

8

In order to establish a prima facie case of retaliation based on exercise of free speech, plaintiff must show that

(1)    defendants were acting under color of state law;
(2)    plaintiff's speech activities were protected under the First Amendment; and
(3)    plaintiff's protected speech activities were a substantial or motivating factor in defendants' actions.[25]

As pointed out by plaintiff, acting as a witness or informant to aid law enforcement in prosecuting criminal acts constitutes protected speech for purposes of a retaliatory discharge claims such as is advanced by plaintiff.[26]    Plaintiff's complaint clearly alleges that his termination was based on his activities as a confidential FBI informant.    Defendant Caldwell's allegation that plaintiff's complaint based his retaliation claims solely on the verbal altercation between plaintiff and Caldwell is meritless.    Defendant Caldwell's motion will be denied in this respect.

## III.    CONCLUSION

Based upon applicable law and jurisprudence, it is the finding of this court that all claims by plaintiff against defendants Caldwell, Toney, Robertson, Bishop, Giddings, Covington, Poteet and Hebron under 31 U.S.C. § 3730 and under 42 U.S.C. § 1983 in their official capacities should be dismissed as duplicative of identical claims against the town of Ball.  The court further finds that plaintiff's claim for punitive and/or exemplary damages against the town of Ball and all defendants in their official capacities, contained in plaintiff's original and amended complaints, must be stricken from such pleading as it seeks relief which is unavailable against a municipality under 42 U.S.C. § 1983.  Finally, the court finds that, to the extent that defendant Caldwell's motion seeks dismissal of plaintiff's § 1983 free speech retaliation claim against him,

---

[25] Harrington v. Harris, 118 F.3d 359 (5th Cir. 1997) (internal citations omitted).
[26] Dobosz v. Walshu, 892 F.2d 1135 (5th Cir. 1989); Frazier v. King, 873 F.2d 820 (5th Cir. 1989).

individually, such motion is denied on the basis that plaintiff has amply alleged facts which, if proven true, would entitle him to relief on that claim.

The court notes that all claims by plaintiff against the town of Ball, excluding those for punitive damages discussed herein, are preserved for further proceedings consistent with this opinion.  Similarly, all claims by plaintiff against defendants in their individual capacities are so preserved.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
September _4_, 2012

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

10