RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12 / 21 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| THOMAS R. HOWELL | CIVIL ACTION NO. 12-951 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| TOWN OF BALL, DANIEL CALDWELL, ROGER TONEY, CURTIS ROBERTSON, WILLIE BISHOP, JERRY GIDDINGS, CHRIS COVINGTON, GINNY POTEET and ROY E. HEBRON | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are the following motions:  (1) a motion by all defendants, except Roy E. Hebron, to strike plaintiff's claims against them for punitive or exemplary damages from plaintiff's amended complaint;[1] (2) a motion[2] by all defendants, except Roy E. Hebron, to dismiss plaintiff's claims against them for retaliatory discharge under the False Claims Act;[3] (3) a motion filed by defendant Chief Daniel Caldwell ("Caldwell") in his individual capacity to dismiss plaintiff's claims against him in that capacity under La. R.S. 40:2531, the False Claims Act and for punitive damages under Louisiana law;[4] (4) a motion filed by plaintiff requesting reconsideration of this court's prior ruling granting defendants' motion to dismiss all False Claims Act claims against certain defendants in their official capacities;[5] and (5) an appeal filed by all defendants, except Roy E. Hebron, regarding the magistrate judge's denial of their prior

---

[1] R. 31.
[2] R. 32.
[3] 31 U.S.C. § 3730(h).
[4] R. 36.
[5] R. 45.

1

motion for a reply pursuant to Fed. R. Civ. P. 7(a).[6]  Each of these motions is addressed below. The court does not recite the relevant facts herein and instead refers the reader to our prior ruling, found at R. 27, for a full statement of such facts.

### Defendants' motion to strike[7]

Defendants' motion seeks an order striking plaintiffs' claims against them in their individual capacities for exemplary and punitive damages.  The court has reviewed the motion and finds no support for the striking of plaintiff's claims in that regard.

Plaintiff's complaint clearly evidences that he seeks such damages pursuant to 42 U.S.C. § 1983 and not under Louisiana law, since no state statute establishing such right under Louisiana law is cited therein.[8]  Moreover, plaintiff admits that he makes no such claim under Louisiana law.[9]

Punitive damages are available against a defendant in his or her personal capacity under § 1983.[10]  Defendants' motion cites no basis for this court to strike plaintiff's punitive damages claims against them in their personal capacities, though we did find that such claims against defendants in their official capacities were unsupportable in our prior ruling.[11]  Accordingly, we find that defendants' motion to strike should be denied and plaintiff's punitive damages claims against them should be preserved for further proceedings.

---

[6] R. 48.
[7] R. 31.
[8] R. 1, 26.
[9] R. 46 at p. 3.  **ALL PARTIES ARE HEREBY REMINDED THAT ALL FILINGS MUST CONTAIN PAGE NUMBERS.  ALL FUTURE FILINGS IN WHICH PAGE NUMBERS ARE OMITTED WILL BE DEEMED DEFICIENT AND WILL NOT BE CONSIDERED BY THE COURT UNTIL CORRECTED.**
[10] Kentucky v. Graham, 473 U.S. 159 (1985); Smith v. Wade, 461 U.S. 30 (1983).
[11] R. 27 at pp. 7 - 8.

**Defendants' motion to dismiss[12] and plaintiff's motion for reconsideration[13]**

Defendants' motion to dismiss urges the court to dismiss plaintiff's False Claims Act retaliatory discharge claims against them in their personal capacities based on our prior ruling interpreting 31 U.S.C. § 3730(h) as providing a right of action only against a plaintiff's "employer."[14] Defendants assert that, just as they were not plaintiff's "employer" in their official capacities, they should not be considered plaintiff's "employer" in their personal capacities.

By separate motion for reconsideration, plaintiff asks this court to vacate our prior interpretation of the applicable statute or, alternatively, certify our ruling confining plaintiff's claims under the statute to his prior "employer."[15] Plaintiff asserts that our prior ruling espoused a "myopic and restricted interpretation" of 31 U.S.C. § 3730(h), as amended in 2009.[16]

Defendants argue that excerpts from the congressional debate surrounding the 2009 amendment at issue here clearly demonstrate that the amendment was intended to broaden the scope of those protected from violations of the False Claims Act, rather than those who may be held liable for such violations.[17] Specifically, defendants cite the argument of U.S. Representative Howard L. Berman, which indicates that the omission of the terms "by his or her employer[,]" which were previously included in the statute, reflects the intention to add protection against "retaliation against contractors and agents of the discriminating party who have been denied relief by some courts because they are not technically 'employees.'"[18]

Plaintiff alleges that this court has shirked its duty to give the words of the amended statute their plain meaning and effect. We find, however, that the omission of the phrase "by his

---

[12] R. 32.
[13] R. 45.
[14] R. 27 at pp. 5 – 7.
[15] R. 45.
[16] R. 45-1 at p. 3.
[17] R. 55 at p. 3.
[18] Id., citation omitted.

or her employer" does not demand the conclusion that Congress intended to grant a federal right of action against anyone and everyone, particularly in light of the historical evidence introduced by defendants.    Moreover, the Senate Report language quoted by plaintiff echoes the interpretation adopted by this court and advocated by defendants:

> The effectiveness of the False Claims Act has recently been undermined by court decisions which limit the scope of the law and, in some cases, allow subcontractors paid with Government money to escape responsibility for proven frauds.   The False Claims Act must be corrected and clarified in order to protect from fraud the Federal assistance and relief funds expended in response to our current economic crisis.[19]

Based on the evidence submitted by the parties as cited above, this court maintains its stance regarding the scope of 31 U.S.C. § 3730(h) as described more fully in our prior memorandum ruling and plaintiff's motion for reconsideration will be denied.

In consideration of the forgoing, the court also finds that defendants' motion to dismiss all False Claims Act claims against them in their personal capacities should be granted on the basis that no named defendant except for the Town of Ball may be properly considered as having been plaintiff's "employer" such as is required by 31 U.S.C. § 3730(h).  Defendants' motion to dismiss will be granted.

As described above, the court finds no support for plaintiff's interpretation of the statute at issue, but will certify this issue for immediate appeal out of an abundance of caution and in the hope of promoting judicial ecomony.

### Defendant Chief Daniel Caldwell's Motion to Dismiss[20]

Defendant Chief Daniel Caldwell ("Chief Caldwell") filed a motion to dismiss plaintiff's due process, False Claims Act and punitive damages claims against him on several bases.  First,

---

[19] R. 45-1 at p. 2 (full citation omitted by counsel).
[20] R. 36.

Chief Caldwell asserts that plaintiff's complaint does not allege a violation of La. R.S. 40:2531 since that statute only requires that the officer subject to an investigation be made aware of the investigation at the time he is interrogated.   Chief Caldwell points out that plaintiff was never interrogated in connection with the investigation and, therefore, actually received earlier notice of the investigation than he was entitled to under the statute at issue.

Plaintiff argues that

> his complaint shows that he contacted defendant Caldwell on May 31, 2011 to confirm the fact that Caldwell was investigating him. At that time, pursuant to LSA-R.S. 40:2531, it was incumbent upon Caldwell as Police Chief to comply with the provisions...known as the Policeman's Bill of Rights.  At no time while the Chief discussed his investigation and question /sic/ the plaintiff, did he comply with the provisions of the statute.  This non-compliance is the basis of plaintiff's due process claim.[21]

The court has again carefully reviewed plaintiff's complaint and finds that it lacks any specific factual allegation which would refute the dismissal argument advanced by defendants. Paragraph XVIII of the complaint alleges

> Defendant Caldwell confirmed to plaintiff that he was conducting an investigation and after a heated discussion between the two, defendant Caldwell terminated plaintiff for 'insubordination and disrespect of a superior officer.'[22]

Plaintiff does not allege in his complaint or provide factual allegations in his brief to support a finding that he was ever interrogated by Chief Caldwell.  Moreover, plaintiff presents no argument which would support a finding that the "discussion" referred to in his complaint rose the level of an interrogation as that term is interpreted by Louisiana courts.[23]  Accordingly, the court agrees that plaintiff fails to allege facts which would support a claim for due process

---

[21] R. 46 at p. 4.
[22] R. 1 at p. 6.
[23] State v. Reeves, 714 So.2d 696 (La. 1998).

violations under La. R.S. 40:2531.  Chief Caldwell's motion to dismiss will be granted in this respect.

Chief Caldwell's motion also seeks dismissal of plaintiff's retaliatory discharge claim against him under the False Claims Act.  As discussed above, this claim will be dismissed based on our interpretation of 31 U.S.C. § 3730(h).

Finally, Chief Caldwell asks that this court dismiss plaintiff's punitive damage claim against him in his personal capacity under Louisiana law.  As discussed above, plaintiff admittedly makes no claim under Louisiana law for punitive damages against this defendant and, therefore, defendants are entitled to no relief on such fictitious claims.  Again, however, to the extent that Chief Caldwell seeks dismissal of plaintiff's punitive damage claim against him under 42 U.S.C. § 1983, such motion will be denied since such damages are clearly available against this defendant in his personal capacity upon a showing that defendant violated plaintiff's constitutional rights.  Any such claim is preserved for further proceedings.

### Defendants' appeal of the magistrate judge's prior ruling[24]

Defendants appeal the magistrate judge's prior ruling denying their motion for a detailed reply to their answer, which includes the assertion of qualified immunity, under Fed. R. Civ. P. 7(a)(7), which provides that the court may order a reply to an answer.  Defendants aver that their affirmative defense of qualified immunity entitles them to an order requiring plaintiff to plead with specificity those facts which plaintiff alleges violated his constitutional rights.  Defendants note that the magistrate judge failed to specifically address the Schultea[25] standard applicable to Rule 7(a) reply pleadings.

---

[24] R. 48.
[25] Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).

6

In Schultea, the Fifth Circuit instructed that, in response to the defense of qualified immunity, which is meant to limit access to discovery in certain cases, the court may order a plaintiff to satisfy a heightened pleading requirement.  Our review of the complaint at issue reveals that it is vague in that it fails to specify what role most of the named defendants are alleged to have played in plaintiff's termination.  Additionally, the court agrees with the Schultea court that the defense of qualified immunity presents a high factual allegation bar, which plaintiff must clear before proceeding to the discovery phase in this case.  For these reasons, the court will grant defendants' motion and will order that plaintiff file a more detailed reply under Fed. R. Civ. P. 7(a)(7).

For the forgoing reasons, the court will issue a judgment and order denying defendants' motion to strike plaintiff's punitive damages claims as moot insofar as the motion relates to such claims under Louisiana law and denying as meritless defendants' motion insofar as it relates to plaintiff's claims under § 1983.  The judgment and order will further grant defendants' motion to dismiss plaintiff's claims against them in their personal capacity under the False Claims Act and will deny plaintiff's motion for reconsideration as to this court's prior ruling that the 31 U.S.C. 3730(h) provides a cause of action only as against a plaintiff's employer.  The court will grant, however, plaintiff's motion for certification of this particular issue for immediate appeal on the basis that it involves a controlling question of law as to which there exists substantial ground for difference of opinion and that an immediate appeal from the ruling may materially advance the ultimate termination of the litigation pursuant to 28 U.S.C. 1292(b).  The judgment and order will further grant defendant Chief Caldwell's motion to dismiss plaintiff's due process claim against him for violation of La. R.S. 40:2531 and for violation of 31 U.S.C. § 3730(h), but will deny such motion as moot as to purported punitive damage claims under Louisiana law and will

7

deny such motion as meritless as to plaintiff's federal punitive damage claims.   Finally, the judgment and order will grant defendants' appeal of the magistrate judge's prior ruling denying a detailed reply under Fed. R. Civ. P. 7(a)(7).

Alexandria, Louisiana
December 21, 2012

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

8