RECEIVED
MAR 20 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS R. HOWELL | CIVIL ACTION NO. 12-951 |
| VERSUS | JUDGE TRIMBLE |
| TOWN OF BALL, DANIEL CALDWELL, ROGER TONEY, CURTIS ROBERTSON, WILLIE BISHOP, JERRY GIDDINGS, CHRIS COVINGTON, GINNY POTEET and ROY E. HEBRON | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion for summary judgment by defendant Daniel Caldwell ("Chief Caldwell").[1] Chief Caldwell's motion seeks dismissal of plaintiff's two (2) remaining claims against him in his official capacity as Chief of Police for the Town of Ball: one under 42 U.S.C. § 1983 for retaliatory discharge and another under Louisiana law for intentional infliction of emotional distress. For the reasons expressed herein below, the court finds that the instant motion should be granted in full and, accordingly, both remaining claims against Chief Caldwell in the above-captioned matter should be denied and dismissed with prejudice.

As in prior rulings in this matter, the court will not repeat the facts of this case, instead referring the interested reader to our memorandum ruling of September 4, 2012, wherein a full recitation of the pertinent facts may be found.[2]

---

[1] R. 79.
[2] R. 27.

1

I. **Plaintiff's claim for First Amendment retaliation**

Plaintiff asserts a claim for First Amendment retaliation against defendant, alleging that defendant caused him to be fired because of plaintiff's role in the investigation which led to the arrest and conviction of Roy Hebron, the former mayor of the Town of Ball. Plaintiff asserts that participation in that investigation is a form of protected speech and that defendant's discriminatory animus was evident and led to the board of aldermen accepting defendant's recommendation that he be fired. Chief Caldwell asserts that plaintiff's claim under §1983 for retaliatory discharge based on plaintiff's exercise of his First Amendment rights fails as a matter of law because the defendant is not a "final decision-maker" as is required for the imposition of liability for such a claim. The court agrees.

As argued by the defendant, the Town of Ball is subject to the Lawrason Act, La R.S. 33:321, et seq. Pursuant to § 423 of Title 33, a Chief of Police elected in a municipality subject to the Lawrason Act "shall make recommendations to the mayor and board of aldermen for...dismissal of police personnel." Such recommendations are not required to be followed by the board of aldermen, which is the final decision maker as to the termination of employment of any police officer.[3]

It is well established in federal jurisprudence that only final decision-makers may be held liable for First Amendment retaliation under §1983.[4] Under the "cat's paw" theory of liability, the discriminatory animus of a supervisor who is not, himself, the final decision-maker, but whose deliberate actions are intended to and are demonstrated to, in fact, contribute to the adverse employment decision made by the final decision-maker may be attributed to that final

---

[3] Grant v. Grace, 870 So.2d 1011 (La. 2004).
[4] Juarez v. Aguilar, 666 F.3d 325 (5th Cir. 2011); Johnson v. Louisiana, 369 F.3d 826 (5th Cir. 2004); Beattie v. Madison County School Dist., 254 F.3d 595 (5th Cir. 2001).

decision-maker. As expressed by the Fifth Circuit in Gee v. Principi[5] and jurisprudence cited therein, in the context of a retaliation claim, the focus remains squarely on the final decision-maker. We reject plaintiff's interpretation of Depree v. Saunders[6] as an expansion of cat's paw theory which enables a § 1983 liability to be attributed to those who are not final decision-makers. While there are two instances of troubling language within Depree, upon which plaintiff seems to hang his argument,[7] we agree with defendant's observation that post-Depree jurisprudence in the Fifth Circuit adheres closely to the maxim that cat's paw theory is merely a means by which the discriminatory animus of a subordinate may be utilized to preserve the proximate cause requirement for § 1983 liability[8] which may only be imposed upon the final decision-maker.[9] It is not, as plaintiff would have us believe, a mechanism by which persons other than final decision-makers may be held liable for retaliation under § 1983.

Since Chief Caldwell is not the final decision-maker with respect to plaintiff's termination from employment, plaintiff's § 1983 retaliation claim against this defendant fails as a matter of law and will be dismissed with prejudice.

## II. Plaintiff's Louisiana law intentional infliction of emotional distress claim

Defendant's motion asserts that, taking the allegations of plaintiff's complaint against Chief Caldwell as true for the purpose of this motion, the alleged conduct does not rise to the high standard of indecency required under Louisiana law to form the basis of a successful intentional infliction of emotional distress ("IIED") claim. Defendant asserts that, while

---

[5] 289 F.3d 342 (5th Cir. 2009) citing Long v. Eastfield College, 88 F.3d 300 (5th Cir. 1996).
[6] 588 F.3d 282 (5th Cir. 2009).
[7] Id. at 288-89.
[8] A public employee asserting a First Amendment employment retaliation claim must show: (1) an adverse employment action was taken against plaintiff; (2) plaintiff was engaged in a protected activity; (3) plaintiff's interest in the protected activity outweighs the employer's interests in efficiency; and (4) the protected activity motivated the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 562 (5th Cir. 2007) citing Teague v. City of Flower Mound, Tex., 179 F.3d 377, 380 (5th Cir. 1999).
[9] Juarez, 666 F.3d at 334.

plaintiff's complaint alleges conduct which may be tortious, it does not even allege criminal conduct and, therefore, plaintiff's claim fails a matter of law. Plaintiff does not defend or even address his IIED claim in his opposition brief.

As cited by defendant, a plaintiff asserting an IIED claim under Louisiana law must demonstrate that: (1) defendant's conduct was extreme and outrageous; (2) the emotional distress suffered by plaintiff was severe; (3) the defendant desired to inflict such severe emotional distress or knew that severe emotional distress was certain or substantially certain to result from his conduct.[10] Often-cited language from Louisiana's Supreme Court instructs that the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[11]

Plaintiff alleges that Chief Caldwell set out to build a case against plaintiff in order to effect his eventual termination because the Chief felt that plaintiff was untrustworthy due to his prior participation in the FBI's investigation of defendant Roy Hebron and other Town of Ball officials. Plaintiff also alleges that Chief Caldwell engaged in a verbal altercation with him, wherein he revealed that he was investigating plaintiff for alleged wrongdoing, after which he expressed his intention that plaintiff be terminated from employment.

Even taking the entirety of plaintiff's allegations against Chief Caldwell as true for purposes of this motion, we find that defendant's conduct does not rise to the level of that which would form a reasonable basis for a successful IIED claim under Louisiana law. Indeed, the conduct as alleged is wrongful, but certainly not "extreme and outrageous" such as would permit

---

[10] White v. Monsanto, 585 SO.2d 1205, 1209 (La. 1991).
[11] Id.

a reasonable fact-finder to render a verdict in plaintiff's favor on this claim.[12] Accordingly, plaintiff's IIED claim against Chief Caldwell will be dismissed with prejudice.

### III. Conclusion

After consideration of the law and argument advanced by the parties in support of and in opposition to defendant's motion for summary judgment, it is the finding of the court that such motion should be granted in full. Plaintiff's claims against Chief Caldwell each fail as a matter of law for the reasons cited above and, for that reason, the court will issue a judgment dismissing both claims with prejudice.

The court notes that Chief Caldwell filed a successive motion for summary judgment raising additional bases for dismissal of all claims against him in this matter.[13] Given our instant findings, the judgment issued will declare such motion moot.

Alexandria, Louisiana
March 20, 2014

/s/ James Trimble
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] Nicholas v. Allstate Ins. Co., 765 So.2d 1017 (La. 2000) (setting aside an IIED jury verdict reached on improper instruction and, after independent examination of the facts and an exhaustive survey of jurisprudence, finding that the conduct alleged did not rise to the level of "extreme and outrageous" as is required).
[13] R. 106.