RECEIVED
OCT - 9 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS R. HOWELL | CIVIL ACTION NO. 12-951 |
| VERSUS | JUDGE TRIMBLE |
| TOWN OF BALL, ET AL. | MAGISTRATE JUDGE KIRK |

## O R D E R

Before the court is a Motion to Certify Judgment under Fed. R. Civ. P. 54(B) filed by defendant Chief Daniel Caldwell ("Movant" or "Chief Caldwell").[1] The motion is opposed by plaintiff Thomas Howell and the court has received briefs from the parties for and against certification.[2] We address the arguments of the parties below.

As cited by the movant, plaintiff appealed two judgments of this court to the Fifth Circuit, only a portion of one of which was certified for interlocutory appeal under 28 U.S.C. 1292(b), on April 16, 2014.[3] Although the court certified one issue in its December 21, 2012 judgment for immediate appeal, plaintiff elected not to take an appeal within the requisite thirty (30) days following certification, but, instead, sought to appeal both this judgment and our judgment of March 20, 2014 in his April 2014 appeal.[4] As we expected, the Fifth Circuit, citing the remainder of claims and parties outstanding in this suit, deemed the appeal as to our March 20, 2014 judgment premature.[5]

---

[1] R. 136.
[2] Opposition by Howell at R. 141; Reply by Chief Caldwell at R. 145.
[3] R. 132.
[4] See R. 69, 70.
[5] R. 134 at p. 2.

1

Plaintiff, who once sought appeal, now opposes certification for appeal, arguing that "the subject matter of this lawsuit is in a state of flux"[6] and citing Lane v. Franks,[7] a very recent ruling from the United States Supreme Court. As the parties to this suit will recall, this court did not base its dismissal of plaintiff's retaliatory discharge claim against Chief Caldwell on pre-Franks cases which would have operated to place plaintiff's testimony against former mayor Hebron outside the protections of the First Amendment because of his public employee status. To the contrary, our dismissal of plaintiff's claims under 42 U.S.C. § 1983 was based on our finding that Chief Caldwell was not the final decision maker regarding plaintiff's termination.

Given these prior conclusions of law, we would find no merit in an argument that Franks has somehow changed the landscape with respect to our adjudication of retaliatory discharge claims against Chief Caldwell. With respect to remaining defendants, the law of land post-Franks is clear and this court, should it be required to apply it, will have no reservation in doing so.

A more efficient and orderly course of litigation may be obtained by resolving all claims against all defendants before allowing appeals in this case and, for that reason, find that certification under Rule 54(B) is inappropriate. It is therefore

ORDERED that defendant Daniel Caldwell's Motion to Certify Judgment is **DENIED**.[8]

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 9th day of October, 2014.

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**

---

[6] R. 141 at p. 4.
[7] 134 S.Ct. 2369 (2014).
[8] R. 136.