UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| THOMAS R. HOWELL, Plaintiff | CIVIL ACTION NO. 1:12-CV-00951 |
|---|---|
| VERSUS | |
| TOWN OF BALL, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion in Limine (Doc. 202) filed by Defendant, the Town of Ball (the "Town"). The Town seeks exclusion of two categories of evidence: (1) "Any testimony, reference, or tangible evidence of any allegation regarding the plaintiff's §1983 conspiracy claim and his state law intentional infliction of emotional distress ["IIED"] claim"; and (2) "Any state law claim regarding a vested right in employment pursuant to the Officer's Bill of Rights. Plaintiff, Thomas R. Howell ("Howell"), opposes the motion, at least in part. The Motion in Limine is hereby GRANTED IN PART AND DENIED IN PART.

I.  Howell's Conspiracy Claim

As correctly noted by the Town, the Court granted summary judgment and dismissed Howell's conspiracy claims as abandoned. Howell did not challenge that ruling on appeal. And Howell does not argue to the contrary now.

Nonetheless, the Town maintains Howell "cannot now, post appeal and dismissal of conspiracy claims, be allowed to make reference to any testimony or tangible evidence regarding any allegations referring to plaintiff's § 1983 conspiracy

claim at the trial of this matter." (Doc. 202-1, p. 4). The Town does not specify what "testimony or tangible evidence" may be at issue. Howell notes only that he plans to introduce witness testimony indication that former Mayor Roy Hebron asked Kristan Delaney to make a false complaint against Howell, and that Police Chief Daniel Caldwell ("Caldwell") told Delaney he was "building a case" against Howell. (Doc. 223, pp. 1-2). The parties agree – as far as the Court is aware – that Caldwell's motivations in recommending Howell's termination are a viable, and disputed, fact to be addressed at trial.

Given the dismissal of Howell's conspiracy claims, evidence which would pertain solely to those claims, along with explicit references to a "conspiracy" regarding Howell's termination, would be irrelevant, confusing, and potentially prejudicial if admitted at trial. Accordingly, any such evidence will be excluded at trial.

Absent reference to specific evidence, the Court cannot provide specific rulings. But the Court can envision evidence which may have been pertinent to a conspiracy claim, and is also relevant to Howell's remaining First Amendment retaliation or False Claims Act claims. Delaney's testimony is an example. Any such evidence relevant to Howell's remaining claims will not be excluded at trial.

II. Howell's IIED Claim

As also correctly noted by the Town, Howell's IIED claim was dismissed by this Court on summary judgment, and was not reinstated on appeal. However, the parties agree – again, as far as the Court is aware – that Howell is still asserting a claim for

compensatory damages for emotional distress. Absent reference to specific evidence, the Court can only rule that any evidence which would be relevant exclusively to Howell's former IIED claim – and would not be relevant to Howell's claim for compensatory damages for emotional distress – is inadmissible. However, any evidence which would tend to establish Howell's right to recover, if any, for emotional distress, will be admissible.

### III. The Police Officer's Bill of Rights

Finally, the Town seeks to exclude Howell's references to La. R.S. 40:2531, the Police Officer's Bill of Rights. In his original Complaint, Howell maintained that he sought "judicial remedies pursuant to" the statute because he was not notified of the purported investigation against him, and that all defendants (including the Town) failed to "comply with the procedural provisions" of the statute. (Doc. 1, pp. 2, 5). According to Howell, this amounted "to a denial of due process granted to [Howell]" under the Fourteenth Amendment. (Doc. 1, pp. 2, 5, 7).

Plaintiff maintains that "[n]o Order was issued considering plaintiff's claim against the City for its failure to comply with the provisions of LSA-R.S. 40:2531." (Doc. 223, p. 3). The Town now argues that, for several reasons, the Police Officer's Bill of Rights did not apply to Howell's situation.

The District Judge dismissed all of Howell's Fourteenth Amendment due process claims – specifically including his claims as to the Police Officer's Bill of Rights – "against all Defendants." (Doc. 149, p. 20). In its ruling, the Fifth Circuit mentioned neither the Fourteenth Amendment due process claims in general, nor

Howell's references to the Police Officer's Bill of Rights specifically. This Court can only assume that Howell did not brief – and therefore abandoned – this argument before the Fifth Circuit. See Bray v. Young, 261 Fed.Appx. 765, 768 (5th Cir. 2008) ("'An appellant abandons all issues not raised and argued in its initial brief on appeal.'" (quoting Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (emphasis in original). In any event, the Fifth Circuit did not reverse the District Judge's ruling. Therefore, references to the Police Officer's Bill of Rights are foreclosed.

IV. Conclusion

For the foregoing reasons,

IT IS ORDERED that the Motion in Limine (Doc. 202) is hereby GRANTED IN PART to the extent it seeks exclusion of evidence which is relevant solely to Howell's conspiracy and IIED claims, as well as his Fourteenth Amendment due process claim referencing the Police Officer's Bill of Rights, La. R.S. 40:3521.

IT IS FURTHER ORDERED that the Motion in Limine (Doc. 202) is hereby DENIED IN PART to the extent it may seek exclusion of evidence which is relevant, at least in part, to Howell's First Amendment retaliation claims, Howell's False Claims Act claim, or Howell's claim for compensatory damages for emotional distress.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 31st day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge