d
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| THOMAS R. HOWELL, Plaintiff | CIVIL ACTION NO. 1:12-CV-00951 |
|---|---|
| VERSUS | |
| TOWN OF BALL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Judgment Notwithstanding the Verdict (Remittitur), For New Trial, to Amend or Alter Judgment, or Alternatively, Motion to Stay Proceedings to Enforce Judgment and/or Motion for Stay and to Dispense with Supersedeas Bond (the "Post-Trial Motion") (Doc. 252) filed by Defendant the Town of Ball (the "Town").

The last two requests for relief – for a stay or to dispense with the Supersedeas Bond – are addressed here. The remaining portions of the Post-Trial Motion will be addressed by separate order.

I. **Background**

On September 8, 2017, following a four-day trial, a jury returned a verdict in favor of Plaintiff, Thomas R. Howell ("Howell"), awarding Howell damages in the amount of $257,419.00 plus interest and attorney's fees. Post-trial motions – including the instant Post-Trial Motion – followed.

In the Post-Trial Motion, the Town has requested various forms of relief, including a stay of proceedings to enforce the judgment under Fed. R. Civ. P. 62(b)

and a request to dispense with the supersedeas bond requirement. Also pending are the Town's requests for a judgment notwithstanding the verdict (Doc. 252); the Town's request for a new trial (Doc. 252); the Town's motion to alter or amend the judgment (Doc. 252); and Howell's Motion for Attorney's Fees (Doc. 255)

II. Law and Analysis

    A. The Town's Motion for a Stay of Proceedings to Enforce a Judgment should be granted.

Under Fed. R. Civ. P. 62(b), "the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order." This stay is not automatic; a court has discretion to determine whether a Rule 62(b) stay is appropriate. See Sanders v. Louisiana Div. of Admin., CIV.A. 07-00375-BAJ, 2013 WL 4895015, at *2–3 (M.D. La. Sept. 11, 2013), aff'd (Dec. 30, 2013), aff'd (Dec. 30, 2013). In exercising that discretion, a court may consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Moore v. Tangipahoa Par. Sch. Bd., 507 Fed.Appx. 389, 392 (5th Cir. 2013).[1]

---

[1] These factors guide a court's decision as to whether to stay execution pending appeal, but have also been applied to the analysis of a stay pending resolution of a motion under Fed. R. Civ. P. 62(b). See United States v. City of New Orleans, CIV.A. 12-1924, 2013 WL 492362, at *3 (E.D. La. Feb. 8, 2013).

2

The general circumstances of this case favor a Rule 62(b) stay. Both parties have filed substantive post-trial motions. See Roman v. W. Mfg., Inc., 6:07-CV-1516, 2010 WL 4364164, at *1 (W.D. La. Oct. 27, 2010) (finding a stay appropriate where both parties filed post-trial motions for judgment as a matter of law). The Town's motions under Rules 50 and 59 of the Federal Rules of Civil Procedure – both rules referenced in Rule 60(b) – may affect the amount of damages awarded. And Howell's motion for attorney's fees will also increase the total amount of the judgment. Resolution of these motions is warranted, if not necessary, before any further steps are taken to execute the judgment. U.S. ex rel. Garibaldi v. Orleans Par. Sch. Bd., CIV.A. 96-0464, 1998 WL 774172, at *1 (E.D. La. Oct. 30, 1998) ("Because post-trial motions have been filed and will be filed, the court finds that granting a stay of execution of the judgment would be appropriate pending these motions.").

Further, the balance of relevant factors militates in favor of a stay. As to the first factor – likelihood of success on the merits – the Town correctly notes that "the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." Arnold v. Garlock, Inc., 278 F.3d 426, 439 (5th Cir. 2001). This case presents "serious legal questions" which were disputed by the parties and resolved by the Court. Before and during the trial, the Town made the requisite showing of a "substantial case" as to those disputed questions, as evidenced by the

extensive briefing and arguments submitted by the parties, and the extensive analysis undertaken by the Court.

Second, the Town may suffer irreparable injury absent a stay. Again, the pending motions may affect the viability and value of the judgment against the Town. And as the Town argues, any effort to execute on the judgment during the pendency of those motions may lead to the expenditure of public funds. The motions should be resolved before execution.

Third, Howell will not suffer "substantial injury" during the pendency of a stay, particularly if the Town furnishes security, as addressed below. Like the Town, Howell has an interest in obtaining rulings regarding the jury's verdict and the amount of attorney's fees owed. Neither Howell's rights nor his financial interests will be jeopardized during a stay.

Finally, the public interest favors resolution of the disputed legal issues. Once again, at least some public funds are at issue. Expenditure of those funds during the pendency of substantive motions will have important implications for the Town and its citizens.

Accordingly, the Town is entitled to a stay of proceedings to enforce judgment under Fed. R. Civ. P. 62(b) during the pendency of the Town's Post-Trial Motion and Howell's Motion for Attorney's Fees. Posting a supersedeas bond is an appropriate form of providing security to the non-appealing party pending a Rule 62(b) stay. See, e.g., Cooper v. Faith Shipping, CIVA 06-892, 2010 WL 1729127, at *2 (E.D. La. Apr. 27, 2010) (""A supersedeas bond is an appropriate method of providing security for a

4

stay under Rule 62(b)."). But in this case, the total amount of the judgment is, at this point, disputed by both parties. Given that fact, as well as the Town's satisfaction of the relevant factors above, the Town need not furnish security to justify a stay during the pendency of the Post-Trial Motion and the Motion for Attorney's Fees. But once the motions are resolved, the Town's right to a stay pending appeal under Fed. R. Civ. P. 62(d) is implicated.

> B. <u>The supersedeas bond requirement should neither be waived nor reduced.</u>

Under Fed. R. Civ. P. 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." The principal purpose of the supersedeas bond requirement "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." <u>Burge v. St. Tammany Par. Sheriff's Office</u>, CIV. A. 91-2321, 2001 WL 1104640, at *1 (E.D. La. Sept. 19, 2001) (internal citation and quotation omitted).

However, under Fed. R. Civ. P. 62(f), "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Accordingly, this Court looks to state law to determine whether a judgment debtor must post a supersedeas bond pending appeal. See <u>Decorte v. Jordan</u>, CIV.A.03-1239, 2005 WL 3541124, at *1 (E.D. La. Oct. 4, 2005); accord <u>Whitehead v. Food Max of Mississippi, Inc.</u>, 332 F.3d 796, 800 (5th Cir. 2003).

5

Under Louisiana law, a public entity is not required to post bond pending an appeal: "The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions . . . or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment." La. R.S. 13:4581; see also Decorte, 2005 WL 3541124 at *1. The statutory exemption in La. R.S. 13:4581 extends to municipalities. See, e.g., Tillman v. City of Slidell, 464 So.2d 986 (La. App. 1st Cir. 1985).

The question before this Court is whether the Town is entitled to a stay pending appeal without posting a supersedeas bond given the interplay between Fed. R. Civ. P. 62(f) and La. R.S. 13:4581. Jurisprudence bearing upon this question is mixed. In the first line of jurisprudence, some courts in our circuit have waived the supersedeas bond requirement for public entities. The Fifth Circuit's decision in Castillo v. Montelepre, Inc. is seminal in this of jurisprudence. 999 F.2d 931 (5th Cir. 1993). In Castillo, the plaintiffs sought to enforce a medical malpractice judgment, some of which would be paid by the Patient's Compensation Fund (the "Fund"). Id. at 934. The district court exempted the Fund from posting a supersedeas bond during the pendency of the Fund's appeal. Id. The plaintiffs cross-appealed the court's stay of execution. Id.

The Castillo court noted the requirement of Fed. R. Civ. P. 62(f) that, to exempt a judgment debtor from posting a supersedeas bond, the judgment must constitute a lien upon the judgment debtor's property:

> The obvious purpose behind [Rule 62(f)] is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum. This purpose, however, is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors. The purpose behind this requirement is also plain: judgment creditors must be afforded security while judgment debtors appeal.

Id. at 942. The court was "convinced that the judgment against the Fund [was] not a lien on the monies contained in the Patient's Compensation Fund." Id. But, in light of two particular circumstances present in that case, the court nevertheless held that "the Fund [was] entitled to a stay of execution without having to post a bond in federal forum as well." Id.

First, the Louisiana legislature expressed a "manifest desire . . . to allow the Fund to appeal without bond." Id. By amending La. R.S. 13:4581 to specifically exempt the Fund from the bond requirement, the legislature overruled a prior decision of the Louisiana Supreme Court requiring the Fund to post a bond pending an appeal. See id. The legislature's clear intent regarding the Fund was entitled to "great deference." Id.

Second, the court reasoned that "the Medical Malpractice Act provides sufficient security to judgment creditors so as to satisfy the purpose behind the Rule 62(f) judgment as a lien requirement." Id. The Medical Malpractice Act created a

7

structure under which judgments are paid – at least on a prorated or semi-annual basis – even if the Fund is depleted. See id.²

Citing Castillo, one district court has held that a school board was entitled to a stay without bond under La. R.S. 13:4581 without addressing the Rule 62(f) lien requirement at all. See Baltazor v. Holmes, CIV. A. 96-150, 1997 WL 240753, at *1 (E.D. La. May 8, 1997). Another district court exempted a sheriff and deputy sheriff after mentioning, but without specifically addressing, the Rule 62(f) lien requirement: "Explicitly, they would be entitled to [a stay pending appeal] under LSA–13:4581, and pursuant to Rule 62(f), they should receive the same benefit as they would under state law. The Court also finds the fact that the judgments are against the Sheriff and a Deputy Sheriff of Tangipahoa Parish arising out of the course and scope of their duties sufficient security for the judgments while on appeal." Cozzo v. Par. of Tangipahoa, CIV. A. 98-2728, 2000 WL 224141, at *2 (E.D. La. Feb. 16, 2000). This decision seems to imply that Castillo grants district courts license to forego the lien requirement, "for similar reasons" to those articulated in Castillo, if there are other indicators of security to protect the judgment.

In the second line of jurisprudence, other courts have indicated that Louisiana public entities may not be entitled to the statutory exemption in La. R.S. 13:4581. This line of jurisprudence emphasizes the lien requirement in Fed. R. Civ. P. 62(f),

---

² The Fifth Circuit addressed the issue more recently in Harvey v. Baton Rouge Marine Contractors, 08-31164, 2009 WL 166802, at *1 (5th Cir. Jan. 26, 2009), an unpublished decision. Harvey obtained an award against the Louisiana Insurance Guarantee Association ("LIGA"). Id. at *1. In allowing LIGA a stay without bond pending appeal, the court rejected the arguments that Castillo applies only to diversity cases. See id. The court also seemed to acknowledge the lien requirement identified in Castillo. See id. But because "no one argue[d] that the district court's judgment does not create a lien on LIGA's property," the court found LIGA was entitled to the statutory exemption in La. R.S. 13:4581. Id.

8

and the exemption of public property from seizure in La. Const. art. XII, § 10: "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered."

In <u>Wykle v. City of New Orleans</u>, the court articulated two separate requirements to obtain exemption from the supersedeas bond requirement: "Under Fed.R.Civ.P. 62(f), a judgment debtor is entitled to the same stay in federal court as it would be entitled to in state court if: (1) the judgment results in a lien on the property of the judgment debtor, and (2) the judgment debtor is entitled to a stay under state law."  No. CIV.A. 96-1369, 1997 WL 266615, at *1 (E.D. La. May 20, 1997), aff'd, 154 F.3d 416 (5th Cir. 1998).  The court concluded that the City of New Orleans – the judgment debtor – was entitled to a stay without bond under La. R.S. 13:4581.  But the court also concluded that the judgment against the city was not a lien under La. Const. Art. XII, § 10:

> The issue here is whether plaintiff would be able to recover on his judgment against the City of New Orleans if no bond were posted. The judgment creditor is entitled to security. The burden is on the moving party, that is the City of New Orleans, to demonstrate objectively to this Court the reasons for departing from the usual requirement of a full security supersedeas bond to suspend the operation of the money judgment. <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir.1979). The judgment creditor does not have to initiate contrary proof. <u>Id.</u> "Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." <u>Id.</u>
>
> The City has not set forth in its motion how it intends to pay this judgment if this Court's judgment is affirmed on appeal. The City merely says that it has always acted in good faith in paying its federal court judgments and "as the Court is well aware, the City of New Orleans is

9

> not exempt from seizure of assets by a Federal Court judgment creditor." The City does not provide any citations in support of this statement. The burden is on the City to prove to this Court that the judgment creditor would be able to recover on his judgment if no bond is posted. The City of New Orleans has failed to meet its burden of proof.

Id. at *3–4.

Likewise, in Burge v. St. Tammany Par. Sheriff's Office, the plaintiff obtained a judgment against the St. Tammany Parish Sheriff's Office (the "Sheriff") in excess of $4,000,000.00. See CIV. A. 91-2321, 2001 WL 1104640, at *1 (E.D. La. Sept. 19, 2001). The Sheriff sought a stay without bonding pending appeal. Id. The court sided with the plaintiff. Id. The plaintiff argued "correctly that the Sheriff cannot meet the first requirement of rule 62(f) because La. Const. Art. 12 § 10 exempts public property, including the sheriff's assets, from seizure, which exempts those assets from the effects of a judicial mortgage, and without a lien or judicial mortgage, there is no adequate security for his judgment." Id. However, because the Sheriff provided a number of other guarantees regarding the plaintiff's judgment – including proof of a present ability to pay, insurance, and a plan for the Court to monitor the Sheriff's assets and obligations pending appeal – the Court nonetheless waived the supersedeas bond requirement in favor of alternate security. Id. at *2.

This Court agrees with, and now joins, the second line of jurisprudence. Under the plain language of Fed. R. Civ. P. 62(f), a judgment debtor is entitled to "the same stay of execution the state court would give," but only "[i]f a judgment is a lien on the judgment debtor's property" in the forum state. The Castillo court plainly recognized this lien requirement. The Castillo court deviated from the lien requirement only

10

because of the unusual statutory protections afforded to judgment creditors seeking recovery from the Patient's Compensation Fund. Nothing about Castillo, or Rule 62(f), supports a deviation from the lien requirement in other circumstances.

Even so, no other circumstances are present in this case. As in Wykle, the judgment debtor here is a municipality. There is no statutory system to protect judgment creditors, like Howell, seeking to recover from the Town. To the contrary, the Louisiana Constitution exempts the Town's assets from seizure, and requires a special appropriation by the Town to satisfy the judgment. The Castillo court's motivations are thus entirely absent here.

Moreover, there are no other general circumstances (of the kind recognized in Burge) which may warrant a stay without bond. The Town has offered neither evidence nor argument intended to assure the Court, and Howell, that it can pay the judgment. Again, to the contrary, the Town maintains – without evidence or specificity – that securing a bond and satisfying the judgment would strain the Town's resources. To its credit, the Town is attempting to describe the burden it may suffer if required to provide security and ultimately pay the judgment. But the Town's mere representations, without more, can be given little weight. And to the extent the argument is considered, the purported financial burden on the Town makes it less likely that the Town actually can satisfy the judgment. Thus, Howell's request for security is that much more justifiable.

For similar reasons, the Town's request to reduce the supersedeas bond must be denied. The burden of "objectively demonstrating" good cause to depart from the

11

usual requirement of posting a full supersedeas bond falls on the moving party. Nola Spice Designs, LLC v. Haydel Enterprises, CIV.A. 12-2515, 2013 WL 6096361, at *1 (E.D. La. Nov. 20, 2013). The Fifth Circuit has described the showing necessary to depart from the full supersedeas bond requirement as follows:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

Halliburton Energy Servs., Inc. v. NL Indus., CIV.A. H-05-4160, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008) (quoting Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)).

Factors relevant in determining whether to waive or reduce a supersedeas bond include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Chaney v. New Orleans Pub. Facility Mgmt., Inc., CIV. A. 96-4023, 1998 WL 43140, at *2 (E.D. La. Feb. 3, 1998). Importantly, "'[c]ourts are generally reluctant to waive the bond requirement for governmental entities unless funds are readily available

and an effective procedure is in place for paying the judgment.'" <u>Wykle,</u> 1997 WL 266615 at *4 (quoting <u>Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty., Kan.</u>, 844 F.Supp. 1414, 1419 (D. Kan.1993), aff'd sub nom. Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty., 28 F.3d 114 (10th Cir. 1994)).

Stated otherwise, when a public entity's financial status is tenuous, and the entity has not detailed a firm plan to satisfy a judgment, a court should be more inclined to maintain the full supersedeas bond requirement. In denying a motion to reduce a supersedeas bond by the City of New Orleans, the <u>Wykle</u> court reasoned as follows:

> The motion of the City of New Orleans does not set forth how the judgment creditor is to be protected, other than stating that the City is not exempt from seizure by a federal court judgment creditor. Plaintiff in his opposition states that he has serious concerns about the financial stability of the City and the City's present and future ability to pay its judicial obligation. The City has not shown this Court that posting the full supersedeas bond would impose an undue financial burden. In addition, there is no evidence before the Court as to the present financial condition of the City and its ability to pay judgments. The Court has not been assured that the judgment creditor will be protected during the pendency of the appeal.

<u>Wykle</u>, 1997 WL 266615 at *4.

In this case, the Town has not established the manner in which Howell would be protected without a bond. Further, the Town maintains only that satisfying the judgment would be financially burdensome. The Town has therefore cast doubt on its ability to pay the judgment. And while the Town generally maintains that posting the bond would impose an undue financial burden, it has offered no evidence or

13

particularized argument regarding the extent of that burden or whether the burden justifies a deviation from the traditional requirement to post a full supersedeas bond.

In short, the Town has not carried its burden of objectively demonstrating good cause to deviate from the supersedeas bond requirement. Nor has the Town stablished that Howell's rights as judgment creditor would be protected during the pendency of the Town's appeal without a supersedeas bond. Therefore, the supersedeas bond requirement should neither be waived nor reduced.

## III. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Motion for Judgment Notwithstanding the Verdict (Remittitur), For New Trial, to Amend or Alter Judgment, or Alternatively, Motion to Stay Proceedings to Enforce Judgment and/or Motion for Stay and to Dispense with Supersedeas Bond (the "Motion for JNOV") (Doc. 252) is GRANTED IN PART to the extent that it seeks a stay of proceedings to enforce a judgment during the pendency of post-trial motions under Fed. R. Civ. P. 62(b). The stay will remain in effect until the Motion for Judgment Notwithstanding the Verdict (Remittitur), For New Trial, to Amend or Alter Judgment, or Alternatively, Motion to Stay Proceedings to Enforce Judgment and/or Motion for Stay and to Dispense with Supersedeas Bond (the "Motion for JNOV") (Doc. 252) and the Motion for Attorney's Fees (Doc. 255) are resolved by this Court.

IT IS FURTHER ORDERED that the Motion for Judgment Notwithstanding the Verdict (Remittitur), For New Trial, to Amend or Alter Judgment, or

Alternatively, Motion to Stay Proceedings to Enforce Judgment and/or Motion for Stay and to Dispense with Supersedeas Bond (the "Motion for JNOV") (Doc. 252) is DENIED IN PART to the extent Defendant seeks waiver or reduction of the supersedeas bond requirement.  In accordance with LR 62.2, if Defendant wishes to stay execution of the money judgment rendered in this case after the pending post-trial motions are resolved, Defendant shall be prepared to post a supersedeas bond "in the amount of the judgment plus 20% of the amount to cover interest, costs and any award of damages for delay," within 10 days of resolution of the Motion for Judgment Notwithstanding the Verdict (Remittitur), For New Trial, to Amend or Alter Judgment, or Alternatively, Motion to Stay Proceedings to Enforce Judgment and/or Motion for Stay and to Dispense with Supersedeas Bond (the "Motion for JNOV") (Doc. 252) and the Motion for Attorney's Fees (Doc. 255).

THUS DONE AND SIGNED in Alexandria, Louisiana, this 7th day of December, 2017.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE