UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

THOMAS R. HOWELL,                    CIVIL ACTION NO. 1:12-CV-00951
Plaintiff

VERSUS

TOWN OF BALL, ET AL.,        MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## MEMORANDUM ORDER

Before the Court is a Motion for Attorney Fees and Litigation Expenses (Doc. 255) filed by Plaintiff, Thomas R. Howell ("Howell"). Defendant, the Town of Ball (the "Town"), opposes the motion.

By statute, Howell is entitled to recover attorney's fees, costs, and expenses. The Town's objections to the elements of that recovery must be resolved incrementally. Howell's Motion will therefore be granted in part and denied in part, as set forth specifically below.

## I.    Background

On September 8, 2017, following a four-day trial, a jury returned a verdict in favor of Howell, awarding him damages in the amount of $257,419.00 plus interest and attorney's fees, on Howell's claims of First Amendment retaliation and under the False Claims Act ("FCA"). Specifically, the jury awarded Howell: (1) $111,000 in lost wages, which award was doubled under the False Claims Act, 31 U.S.C. § 3730(h)(2) (the "FCA"); and (2) $35,419.00 in damages for "past mental anguish and/or

humiliation." (Doc. 245, p. 6). Howell was also awarded reasonable attorney's fees under the FCA and 42 U.S.C. § 1988, as well as costs and expenses.

Howell seeks a ruling as to the amount of attorney's fees, costs, expenses he may recover. The Town does not dispute Howell's entitlement to attorney's fees, costs, expenses. But the Town does dispute the amounts of each sought by Howell.

## II. Law and Analysis

Counsel for Howell, Daniel E. Broussard, Jr. ("Broussard"), seeks to recover $84,191.25 in attorney fees and $7,221.74 in litigation expenses under the FCA and 42 U.S.C. § 1988.

### A. Howell is entitled to an award of attorney's fees, costs, and expenses under the FCA and 42 U.S.C. §1988, and the Court will apply the lodestar method of calculation.

Relief available under 31 U.S.C. § 3730(h)(2) – the operative provision of the FCA – includes "compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees." A prevailing FCA plaintiff may thus be entitled to costs and attorney's fees. See Riddle v. Dyncorp Int'l Inc., 666 F.3d 940, 942 (5th Cir. 2012). "The relator [in an FCA case] has the burden to provide the district court with sufficient evidence to discern the claims for which such fees are recoverable and to determine the number of hours spent." U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc., 641 Fed.Appx. 396, 398 (5th Cir. 2016). Courts in our circuit have applied the lodestar method in determining attorney's fees under the FCA. See, e.g., United States ex rel. Washington v. Morad, CV 15-868, 2017 WL 1250912, at *3 (E.D. La. Apr. 5, 2017) ("Though the Fifth Circuit

has not directly addressed what standard to use to determine reasonable attorneys' fees in qui tam False Claims Act cases, other circuits and other district courts in this Circuit have used the lodestar method.").

Further, 42 U.S.C. § 1988(b) states that, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Courts have likewise applied the familiar lodestar method in calculating an award of fees under 42 U.S.C. § 1988:

> Courts must apply a two-step method for determining a reasonable fee award. Combs v. City of Huntington, Tex., 829 F.3d 388, 391 (5th Cir. 2016). First, they calculate the lodestar, "which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." Id. at 392 (quotation marks and citation omitted). "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." Id. (quotation marks omitted and alteration adopted). Second, the court should consider whether to decrease or enhance the lodestar based on the Johnson factors. Id.[1] "The court must provide 'a reasonably specific explanation for all aspects of a fee determination.' " Id. (quoting Perdue

---

[1] The Johnson factors are:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 803 (5th Cir. 2006) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). "[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." Id. (internal citations and quotations omitted).

v. Kenny A. ex rel. Winn, 559 U.S. 542, 558, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010)).

> "The documentation supporting a factual finding regarding the amount of attorney's fees must be sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award." Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1044 (5th Cir. 2010). Although courts ordinarily expect applicants to provide contemporaneous billing records, the lack of such records is not necessarily fatal to a fee request, "as long as the evidence produced is adequate to determine reasonable hours." Id. (quotation marks and citation omitted).

Portillo v. Cunningham, 872 F.3d 728, 741–42 (5th Cir. 2017). Accordingly, this Court will apply the lodestar method in calculating Howell's award of attorney's fees.

## B.    Howell is entitled to recover $275 per hour in attorney's fees.

Howell seeks to recover a rate of $275 per hour for attorney's fees. In the initial briefing, Broussard offered only his own sworn affidavit as support for this rate. Broussard later supplemented his filings to include another affidavit and citations to applicable cases. The Town argues that neither Broussard's evidence nor the jurisprudence adequately supports the requested rate.

An award of attorney's fees "must only be reasonable and sufficient to attract competent counsel." U.S., ex rel., Cook-Reska, 641 Fed.Appx. at 400 (internal citation and quotations omitted). Further,

> [a]n attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000); McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011). The relevant legal market is where the district court sits. See e.g., Calix v. Ashton Marine LLC, No. CV 14-

2430, 2016 WL 4194119, at *3 (E.D. La. July 14, 2016). The reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there, not the fee-seeker's attorney. Thompson v. Connick, 553 F.3d 836, 867-68 (5th Cir. 2008), rev'd on other grounds, 563 U.S. 51 (2011).

Tab-in-Action, Inc. v. Monroe City Sch. Bd., CV 17-0570, 2017 WL 3445652, at *3 (W.D. La. Aug. 10, 2017).[2] Moreover, "[t]he appropriate hourly rate is not that which 'lions at the bar may command' but a rate that is adequate to attract competent counsel." G&H Dev., LLC v. Penwell, CV 13-0272, 2016 WL 5396711, at *4 (W.D. La. Sept. 27, 2016).

The Town cites three decisions from our circuit – two from our district – awarding lower rates than the rate requested by Broussard. See Faulk v. Duplantis, CIV.A. 12-1714, 2015 WL 3539637, at *2 (E.D. La. June 4, 2015) (awarding plaintiff's counsel $225 per hour in a First Amendment retaliation case resolved by jury trial in the Eastern District of Louisiana, considering affidavits submitted by attorneys suggesting rates between $150 and $250 per hour were appropriate); Campbell v. Harold Miller, Jr. Trucking & Paving, LLC, CIV. 6:13-2840, 2014 WL 6389567, at *2 (W.D. La. Nov. 13, 2014) (awarding $225.00 per hour to plaintiff's counsel who obtained a default judgment in a case seeking overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*); Lawrence v. Morris, CIV. 6:09-1990, 2011 WL 1304477, at *3 (W.D. La. Mar. 4, 2011), report and recommendation adopted, CIV.A. 09-1990, 2011 WL 1213993 (W.D. La. Mar. 30, 2011) (awarding requested rate of $145 per hour to civil rights defense attorneys who prevailed on a

---

[2] Broussard never states that his "customary" rate is $275 per hour. (Doc. 255-2, p. 1).

motion for summary judgment where plaintiff failed to present countervailing evidence; the court noted that higher rates of up to $215 per hour were supportable).

In response, Broussard offered an affidavit from Jimmy R. Faircloth, an attorney who was practiced law in this district for more than 26 years, and who has handled similar cases. Mr. Faircloth states that "an hourly rate of at least $275.00 per hour is the prevailing market rate for similar legal services charged by attorneys of reasonable comparable skills and experience." (Doc. 264-1). Howell also cited a number of cases from this district in which similar rates have been awarded: Pickney v. Strategic Restaurants Acquisition Co. LLC, CV 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (awarding $275.00 per hour to experienced defense counsel in an employment discrimination lawsuit); Dugas v. Mercedes-Benz USA, LLC, 6:12-CV-02885, 2015 WL 1198604, at *4 (W.D. La. Mar. 16, 2015) (and cases cited therein) (awarding $275.00 per hour to experienced trial attorney in a class action lawsuit for routine work on a discovery motion; reduced from a requested rate of $450.00 per hour); Leleux v. Assurance Co. of Am., CIV.A. 6:11-2157, 2012 WL 5818226, at *4 (W.D. La. Nov. 15, 2012) (awarding $262.00 per hour to plaintiff's counsel with more than 20 years of experience in an insurance adjustment dispute under La. R.S. 22:1892).

This Court has reviewed cases from the district awarding attorney's fees in comparable circumstances. In some cases, courts in this district have awarded attorneys hourly rates similar to those requested by Broussard. See, e.g., Tab-in-Action, Inc., 2017 WL 3445652 at *3 (awarding $260 to experienced plaintiffs' counsel

under 42 U.S.C. § 1988); Bertrand v. City of Lake Charles, 2:10-CV-867, 2013 WL 1790089, at *2 (W.D. La. Feb. 25, 2013), report and recommendation adopted, 2:10-CV-0867, 2013 WL 1789713 (W.D. La. Apr. 26, 2013) (awarding $250 and $225 per hour to plaintiff's attorneys in a case involving claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*); contra Louisiana Cmty. Dev. Capital Inv. Fund, Inc. v. Grambling Legends Square Taxing Dist., CIV.A. 14-2212, 2015 WL 6554469, at *6 (W.D. La. Oct. 29, 2015) (after granting a motion to dismiss, awarding defense counsel with 23 years of experience $175 per hour in a § 1983 case, but noting that rate was below prevailing market rates). In others, counsel's failure to support a requested rate justified lower hourly rates. See, e.g., Latiolais v. Griffith, CIV.A. 09-00018, 2015 WL 4253976, at *5 (W.D. La. July 13, 2015) (awarding plaintiffs' counsel $200 per hour where "[t]he Court ha[d] been presented with no evidence regarding the plaintiff's attorney's qualifications and experience in civil rights litigation").

Broussard's requested rate of $275 is at the high end of the range of prevailing market rates in this legal community. But under the unique circumstances of this case, an award at the higher end of that range is justified. At the time of trial, Broussard had 47 years of experience practicing law in this legal community, and in this or related areas of practice. As part of his representation, Broussard engaged in extensive pretrial discovery, dispositive motion practice, appellate practice, and ultimately, a jury trial. The circumstances underlying this lawsuit were complex. As both parties have acknowledged, some of the legal issues involved were novel and

challenging, requiring extensive briefing and argument. And courts in our district have awarded similar or identical hourly rates in comparable circumstances.

Based on this Court's knowledge of prevailing market rates in the relevant legal community, the evidence and jurisprudence submitted by Broussard, the Court's familiarity with Broussard's experience and qualifications, and recent awards in this district under similar circumstances, the Court finds that a rate of $275 per hour for Broussard's services is reasonable and appropriate.

C.    <u>Howell is entitled to recover for 282.05 hours of attorney's fees.</u>

Broussard billed 306.15 hours. The Town takes issue with that figure on a number of bases.

In determining the reasonable number of hours expended by Broussard, the Court is guided by the following principles:

> [T]he Court must determine whether the requested hours expended by counsel were reasonable in light of the facts of the case and the work performed. A determination must also be made concerning whether the records submitted show that the movant's counsel exercised sound billing judgment by excluding unproductive, excessive, or redundant hours when seeking the fee award. Thus, all time billed for work that is excessive, duplicative, or inadequately documented should be excluded from consideration.

<u>Dugas</u>, 2015 WL 1198604 at *2 (internal citations omitted). The fee applicant bears the burden of establishing the reasonable number of hours expended, and a court may reduce the award where documentation of hours expended is insufficient. <u>Fox v. Vice</u>, 737 F. Supp. 2d 607, 608 (W.D. La. 2010).

In determining which fees are compensable, "the district court is not required 'to achieve auditing perfection,' as "'[t]he essential goal in shifting fees (to either

party) is to do rough justice.'" <u>Cantu Servs., Inc. v. Frazier</u>, 682 Fed.Appx. 339, 343 (5th Cir. 2017) (quoting <u>Fox</u>, 563 U.S. at 838).  Rather, "[d]istrict courts may "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." <u>Frazier</u>, 682 Fed.Appx. at 343 (quoting <u>Fox</u>, 563 U.S. at 838).

The Town lodges general objections to the award suggested by Broussard.  The Town also filed an extensive, 31-page list of objections to particular entries in the billing records submitted by Broussard.

      1.   <u>Hours billed for unsuccessful claims do not warrant a reduction.</u>

The Town generally objects to Broussard recovering the entirety of his requested fee because Howell was unsuccessful on a number of claims.  The Town seeks an "offset" – for lack of a better term – for those dismissed claims.

Both parties correctly cite the Supreme Court's decision in <u>Fox v. Vice</u>, though they interpret the Court's guidance differently:

> [I]n the real world, litigation is more complex, involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.

> Given this reality, we have made clear that plaintiffs may receive fees under § 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That "result is what matters," we explained in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983): A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." <u>Ibid.</u> The fee award, of

course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved." <u>Ibid.</u> (internal quotation marks omitted). But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights.

563 U.S. 826, 834, 131 S.Ct. 2205, 2214, 180 L.Ed.2d 45 (2011).

The critical question, then, is whether any of the fees billed by Broussard "bore no relation to the grant of relief," and as such, were not "expended in pursuit of the ultimate result achieved." <u>Id.</u> The Fifth Circuit has not discussed this issue at length in the context of § 1988. But other circuits have.

The Sixth Circuit has held that

[a] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.

<u>Hescott v. City of Saginaw</u>, 757 F.3d 518, 526 (6th Cir. 2014) (quoting <u>Thurman v. Yellow Freight Sys., Inc.</u>, 90 F.3d 1160, 1169 (6th Cir.1996) (citations omitted). The Second Circuit has held in accord: "[A]lthough attorneys should not be reimbursed for their work on claims that 'bore no relation to the grant of relief,' . . . '[w]here the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or are based on related legal theories, it is not an abuse of discretion for the court to award the entire fee.'" <u>Restivo v. Hessemann</u>, 846 F.3d 547, 592 (2d Cir. 2017), cert. denied, 17-355, 2018 WL 311335

(U.S. Jan. 8, 2018) (quoting <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.3d 1170, 1183 (2d Cir. 1996)) (internal citation omitted).[3]

The only decisions from district courts in our circuit are in agreement. A district court in the Southern District of Texas summarized its view of awards attorney's fees encompassing unsuccessful claims as follows:

> [W]hen there are both successful and unsuccessful claims, "the judge should consider whether or not the plaintiff's unsuccessful claims were related to the claims on which he succeeded, and whether the plaintiff achieved a level of success that makes it appropriate to award attorney's fees for hours reasonably expended on unsuccessful claims." <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 568–69, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). A plaintiff might bring distinctly different claims that are based on different facts and legal theories, and in such an instance "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' " <u>United States ex rel. Longhi v. United States</u>, 575 F.3d 458, 476 (5th Cir.2009) (quoting <u>Hensley</u>, 461 U.S. at 435, 103 S.Ct. 1933). But "[i]n [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." <u>Hensley</u>, 461 U.S. at 435, 103 S.Ct. 1933. Accordingly, "<u>Hensley</u> emphasized that '[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee,' " and that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." <u>Rivera</u>, 477 U.S. at 569, 106 S.Ct. 2686 (quoting <u>Hensley</u>, 461 U.S. at 435, 103 S.Ct. 1933). In other words, in

---

[3] The Tenth Circuit implied that a reduced fee may be appropriate where a plaintiff's suggested figure included a "failed damages request and for litigation surrounding claims in which [the plaintiff] did not succeed." <u>Zinna v. Congrove</u>, 680 F.3d 1236, 1242 n.1 (10th Cir. 2012). The court did not elaborate as to whether the plaintiff's unsuccessful claims actually "bore no relation" to the plaintiff's ultimate relief. But the court was clear that a district court's discretion to reduce a plaintiff's award is "quite narrow," and limited to unusual circumstances such as a plaintiff's victory which is "merely technical or de minimis." <u>Id.</u> at 1239 (internal citations and quotations omitted). The Court thus cannot read the Tenth Circuit's decision as contrary to the opinions of the Second and Sixth Circuits above.

> determining an appropriate fee award in a situation where only some claims were successful, a district court can consider the overall result obtained if the claims involve a common core of facts or related legal theories. <u>Arnold v. U.S. Dep't of Interior</u>, 252 F.3d 435, ——, 2001 WL 360769 at *1 (5th Cir.2001) (per curiam) (unpublished); see also Coleman v. Houston Indep. Sch. Dist., 202 F.3d 264, ——, 1999 WL 1131554 at *5 (5th Cir.1999) (unpublished) ("[T]here is ample authority for the proposition that a partially prevailing party may recover all reasonably incurred attorney fees, even though the party did not prevail on all claims, as to all defendants, or as to all issues in a matter.").

<u>Davis v. Perry</u>, 991 F.Supp.2d 809, 827 (W.D. Tex. 2014), supplemented, CIV. SA-11-CA-788, 2014 WL 172119 (W.D. Tex. Jan. 15, 2014), and rev'd sub nom. On other grounds <u>Davis v. Abbott</u>, 781 F.3d 207 (5th Cir. 2015); <u>see also</u> <u>Saldivar v. Austin Indep. Sch. Dist.</u>, A-14-CA-00117-SS, 2016 WL 1064654, at *3 (W.D. Tex. Mar. 15, 2016), aff'd, 675 Fed.Appx. 429 (5th Cir. 2017) ("Where a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.").

In this case, Howell did assert claims which were ultimately unsuccessful. Howell's claims for conspiracy, intentional infliction of emotional distress, due process violations, and under the Police Officer's Bill of Rights, for instance, were dismissed and/or abandoned. However, these claims were neither discrete nor unrelated to Howell's ultimately successful claims for First Amendment Retaliation and under the FCA. Rather, the claims were inextricably intertwined, involved a common core of operative facts, and were based on related legal theories. As such, this Court could reach no meaningful distinctions in Broussard's work between different claims. And Howell's recovery at trial was neither insubstantial compared

to, nor notably distinct from, his unsuccessful claims. Accordingly, the Court will not reduce the award of attorney's fees based upon Howell's unsuccessful claims.

### 2. "Block-billing" does not warrant a reduction.

The Town argues that Broussard's "block-billed" time should be discounted or denied. As a starting point, it is important to bear in mind what is meant by the term itself. The practice has been described as follows: "'Block-billing' is a time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." U.S., ex rel., Cook-Reska, 641 Fed.Appx. at 399 n.7 (quoting Glass v. United States, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)). In other cases, however, the practice has been described more specifically as "describing multiple activities in only one time entry." C & D Prod. Servs. v. Dir., Office of Worker's Comp. Programs, 376 Fed.Appx. 392, 394 (5th Cir. 2010); accord DeLeon v. Abbott, 687 Fed.Appx. 340, 346 (5th Cir. 2017) (defining bock-billing as "billing multiple discrete tasks under a single time designation").

"Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation [ . . . because] the court cannot accurately determine the number of hours spent on any particular task . . . ." U.S., ex rel., Cook-Reska, 641 Fed.Appx. at 399 n.7 (quoting Jane Roe/Rachel V. Rose v. BCE Tech. Corp., 2014 WL 1322979, at *6 (S.D. Tex. Mar. 28, 2014)). For that reason, "litigants take their chances in submitting fee requests containing block-billed entries and will have no cause to complain if a district court reduces the amount requested on this basis."

DeLeon v. Abbott, 687 Fed.Appx. 340, 346 (5th Cir. 2017). While disfavored, block-billing may nonetheless be permissible if the evidence submitted allows an adequate determination of reasonableness. See Ball v. Leblanc, 13-00368-BAJ-SCR, 2015 WL 5749458, at *7 (M.D. La. Sept. 30, 2015).

For instance, "this Court has refused to eliminate hours requested where the firm representing an applicant 'consolidated all time billed for any one day into a total, with an accompanying notation listing all the activities done in one day.'" Taylor v. Washington Mut. Inc., 3:04-CV-0521, 2015 WL 5024508, at *8 (W.D. La. Aug. 24, 2015) (quoting Conner v. Mid S. Ins. Agency, Inc., 943 F.Supp. 663, 666 (W.D. La. 1996)). As this Court has noted, "this is an area where we must walk a fine line between the need [to] make a meaningful review of the billing information and excessive stinginess." Taylor, 2015 WL 5024508 at *8 (quoting Conner, 943 F. Supp. at 666). In Conner, this Court "acknowledged the difficulty of evaluating the time spent on individual tasks, but . . . nevertheless found the daily totals reasonable." Taylor, 2015 WL 5024508 at *8. The Court reached the same conclusion in Taylor. Id.

And the Court reaches the same conclusion here. The Town claims that 115 hours were block-billed. With only rare exceptions, Broussard's billing does fit the general description of block-billing, in that Broussard billed a single daily total number of hours encompassing multiple discrete tasks. However, after careful review, Broussard's entries – though inadvisably block-billed – do not warrant a reduced award of attorney's fees. In many instances, less than one hour is logged,

and only two or three brief tasks are entered. In other instances, block-billed tasks are related or overlapping. The remaining block-billed entries are sufficiently detailed to allow the Court to conduct its reasonableness review. In short, and as in Taylor, the Court finds no unacceptable block-billing in Broussard's submissions.

### 3.    Quarter-hour increments warrant a reduction.

The Town next seeks a reduction of the attorney's fee award because Broussard billed exclusively in quarter-hour increments.

Quarter-hour billing is an atypical, and disfavored, practice. See Freeman v. Clarke Cty., 620 Fed.Appx. 223, 230 (5th Cir. 2015). Billing in quarter-hour increments does not necessitate a reduced award. See generally C & D Prod. Servs. v. Dir., Office of Worker's Comp. Programs, 376 Fed.Appx. 392, 394 (5th Cir. 2010) ("Although we have disfavored the use of quarter-hour minimum billing periods, petitioners have not shown that the time billed was not an accurate reflection of the time actually expended."). But the Fifth Circuit has consistently affirmed reductions where quarter-hour billing was utilized. See Cambridge Toxicology Grp., Inc. v. Exnicios, 495 F.3d 169, 182 (5th Cir. 2007); accord Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor, 194 F.3d 684, 692 (5th Cir. 1999) ("In two unpublished opinions, see supra note 2, we have cast doubt on our willingness to accept quarter-hour billing records in calculating an attorney's fee."); Ingalls Shipbuilding, Inc. v. Dir., 46 F.3d 66 (5th Cir. 1995) ("[W]e vacate the awards made in the Biggs and Bullock cases and remand for a recalculation of the fees without quarter-hour minimum billing"). Louisiana district courts routinely reduce quarter-

hour entries to one-tenth-hour entries. See, e.g., Williams v. Comm'r of Soc. Sec., CIV.A. 13-00010-BAJ, 2015 WL 1323347, at *1 (M.D. La. Mar. 24, 2015); Brown v. Astrue, CIV.A. 09-487, 2011 WL 612730, at *3 (M.D. La. Feb. 7, 2011); Hawkins v. Astrue, No. Civ. A. 09–7460, 2010 WL 5375948, at *2–3 (E.D. La. Nov.24, 2010).

After a detailed review of Broussard's submission, the Court determines that a total of 69 quarter-hour entries should be reduced to entries of one-tenth of an hour, for a total of 10.35 reduced hours.[4]

### 4. No deduction for clerical work is warranted.

The Town objects to various entries as "clerical" in nature. The Court agrees that "[a] prevailing plaintiff should not recover an attorney rate for work that clerical staff could have easily accomplished, regardless of who actually performed the work." Hagan v. MRS Associates, Inc., CIV. A. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), aff'd sub nom. Hagan v. M.R.S. Associates, Inc., 281 F.3d 1280 (5th Cir. 2001). Such tasks should already be reflected in an attorney's billing rate, and the fact that an attorney actually performs such tasks should not enhance their compensable value. See id. For example, faxing documents, see id., or arranging a court reporter, Smith v. Manhattan Mgmt. Co., LLC, CV 14-2623, 2016 WL 915272, at *4 (E.D. La. Mar. 10, 2016), may be considered clerical tasks.

---

[4] The Court reduced the following billing entries: 4/26/12; 4/30/12; 5/3/12; 5/7/12; 5/9/12; 5/17/12; 5/22/12; 6/26/12; 7/23/12; 8/6/12; 8/7/12; 8/13/12; 8/15/12; 8/29/12; 8/27/12; 8/31/12; 10/3/12; 11/5/15; 11/16/12; 11/26/12; 11/28/12; 11/30/12; 2/27/13; 5/17/13; 6/12/13; 6/13/13; 7/5/13; 9/6/13; 10/7/13; 10/21/13; 12/16/13; 1/23/14; 2/27/14; 3/24/14; 11/26/14; 12/5/14; 3/23/15; 4/27/15; 5/18/15; 5/20/15; 6/8/15; 6/29/15; 7/13/15; 7/30/15; 8/3/15; 8/4/15; 9/8/15; 9/25/15; 9/29/15; 10/6/15; 12/3/15; 12/18/15; 1/18/16; 1/20/16; 11/17/16; 11/22/16; 11/30/16; 1/17/17; 2/27/17; 3/15/17; 3/20/17; 4/28/17; 5/11/17; 5/15/17; 5/18/17; 5/19/17; 8/3/17; 9/18/17; and 9/27/17. (See Doc. 258-1).

In this case, the Town objects to tasks such as drafting correspondence to the client, and filing documents with the Court, as clerical. "'Work that is legal in nature includes factual investigation, locating and interviewing witnesses, assisting in discovery, compiling statistical and financial data, checking legal citations, and drafting correspondence.'" Luv N' Care, Ltd v. Groupo Rimar, CV 14-2491, 2015 WL 9463189, at *11 (W.D. La. Dec. 28, 2015), vacated sub nom. On other grounds Luv N' Care, Ltd. v. Groupo Rimar, 844 F.3d 442 (5th Cir. 2016) (quoting Prime Ins. Syndicate, Inc. v. Jefferson, 547 F. Supp. 2d 568, 575 (E.D. La. 2008)). Neither drafting substantive or transmitting correspondence, nor electronically filing documents – which only attorneys are actually authorized to do – are necessarily clerical in nature. No other entries of this nature warrant a reduction.

5. **Vague and duplicative entries warrant a reduction.**

Finally, the Town lodges a number of additional objections to Broussard's submissions as vague, duplicative, unrelated to the outcome of the case, or otherwise unnecessary. Again, Broussard bears the burden of establishing that he billed reasonable hours and exercised "billing judgment" in doing so. Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." Id.

Broussard billed 12.25 hours over five entries for "legal research" or "legal research re: trial preparation."[5] These charges are impermissibly vague. The Court also finds that an additional 1.5 hours billed were redundant.[6]

The Town also seeks to exclude time spent – in whole or in part – pursuing claims against defendants who were dismissed, or pursuing unsuccessful motions or appeals. The Town's arguments are unavailing. It is well settled that "'all time spent in pursuit of relief for the same illegal conduct should be considered in awarding attorney's fees once the relief sought is obtained, regardless whether the plaintiff has succeeded in obtaining the relief from only some and not all of the defendants named in connection with the conduct.'" Brady v. Fort Bend Cty., 145 F.3d 691, 716–17 (5th Cir. 1998) (quoting Mary Beth G. v. City of Chicago, 723 F.2d 1263 (7th Cir. 1983)). Absent frivolity, these fees should be awarded. See Brady, 145 F.3d at 717. Because Howell was not frivolous in pursuing claims and motions, a reduction is unwarranted.

6. <u>The Johnson factors do not warrant any additional adjustment to the award.</u>

Finally, the Court considers whether the <u>Johnson</u> factors justify any additional adjustments to the attorney's fee award. Any such adjustment, however, is generally disfavored. "A strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases." <u>Payne v. Univ. of S.</u>

---

[5] The Court refers to the following entries: 9/25/12; 9/26/12; 11/20/13; 9/28/15; 11/29/15; 11/2/16; 11/3/16; 11/7/16; 2/9/17; and 3/30/17.

[6] Here, Broussard's use of block-billing and quarter-hour entries makes precision impossible. Using estimates, the Court reduced Broussard's 10/2/12 entry by .5 hours; the 10/10/12 entry by .25 hours; the 8/6/12 entry by .5 hours; and the 11/21/13 entry by .25 hours. (Doc. 258-1, p. 6, 12, 14).

Mississippi, 681 Fed.Appx. 384, 390–91 (5th Cir. 2017) (quoting Pembroke v. Wood Cty., 16 F.3d 1214 (5th Cir. 1994)). Further, "[s]even of the Johnson factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation." Walter v. Bullock, CV 15-1938, 2017 WL 2927325, at *3 (W.D. La. Mar. 14, 2017), report and recommendation adopted sub nom. Walter v. JPS Aviation, LLC, CV 15-1938, 2017 WL 2919010 (W.D. La. July 7, 2017).

Here, the seven Johnson factors listed above are expressly reflected in the foregoing lodestar analysis. The Court finds that the remaining Johnson factors do not favor any additional adjustment. Those remaining factors were either subsumed within the Court's lodestar analysis, or otherwise immaterial to an appropriate award of attorney's fees in this case.

### 7. Howell is entitled to recover $77,563.75 in attorney's fees.

In sum, Broussard's bills should be reduced by 24.1 hours. Subtracting that figure from Broussard's request to recover 306.15 hours yields 282.05 hours. Multiplying 282.05 hours by the hourly rate of $275 yields $77,563.75 in recoverable attorney's fees.

### D. Howell is entitled to recover costs and expenses.

Finally, Howell seeks: (1) $8,206.45 in costs, which Howell detailed in a Bill of Costs (Doc. 256); and (2) $7,221.74 in litigation expenses, consisting of $4,575 in

"expert fees," $618.14 in travel expenses, and $2,028.60 in "investigator fees." The Town objects to portions of each request.

### 1. <u>Howell is not entitled to recover "expert fees."</u>

Under Fed. R. Civ. P. 54(d)(1), costs should generally be awarded to the "prevailing party." And under 28 U.S.C. § 1920, "[a] judge . . . may tax as costs . . . [c]ompensation of court appointed experts." However, as to retained experts, "[in] the absence of statutory or contractual authorization for more generous payments, federal courts are constrained by the . . . $40–per–day . . . cap when ordering one side to pay for the other's expert witnesses." <u>Gaddis v. United States</u>, 381 F.3d 444, 450 (5th Cir. 2004); <u>accord</u> <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987) ("[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."); <u>Louisiana Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 332 (5th Cir. 1995) ("Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920."). The Court will thus tax costs for Howell's two retained experts in accordance with statutory requirements.

Under 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." The Court is only aware that each of Howell's experts attended trial for one day. No other evidence of taxable costs appears on the record. Howell did not, however, include witness fees for his two retained experts in

his Bill of Costs (Doc. 256, p. 2). Accordingly, Howell will be awarded $80.00 in attendance fees for his two retained experts.

### 2. Howell is not entitled to recover "investigator fees."

Investigator fees are not listed in, and thus not generally recoverable under, 28 U.S.C. § 1920. See San Jacinto Sav. v. Kacal, 8 F.3d 21 (5th Cir. 1993); see also Paez v. Gelboym, 4:11-CV-564, 2013 WL 1950057, at *2 (E.D. Tex. May 9, 2013) ("Section 1920 does not provide for an award of . . . private investigator fees or expert witness fees."). "A court may award only those costs specified in section 1920, unless there is explicit statutory or contractual authority to the contrary." Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 709 (E.D. La. 2009). Absent some additional authority, unlisted costs – such as the costs of a private investigator – may not be awarded. See Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1045 (5th Cir. 2010).

Moreover, the "discretion granted by [Fed. R. Civ. P.] 54(d) is not a power to evade the specific categories of costs set forth by Congress. Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 572–73, 132 S.Ct. 1997, 2006, 182 L.Ed.2d 903 (2012) (internal citation and quotation omitted). "Rather . . . it is solely a power to decline to tax, as costs, the items enumerated in § 1920." Id. (internal citation and quotations omitted). Thus, "a district court may decline to award the costs listed in the statute but may not award costs omitted from the list." Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), opinion reinstated in part on reh'g, 61 F.3d 1113 (5th Cir. 1995).

Howell identifies no statutory or contractual authority warranting his recovery of private investigator fees. Nor is the Court aware of such authority.[7] And this case – while somewhat complex from a factual standpoint – presents no exceptional circumstances which might justify the award of an otherwise unauthorized expense for a private investigator. This expense is therefore denied.

### 3.     The Town's remaining objections should be denied.

Finally, the Town asserts objections to various other costs. While there is a strong presumption in favor of an award of costs to the prevailing party under Fed. R. Civ. P. 54(d), a district court may exercise discretion in taxing costs as long as deviations are justified. See generally Pure Air Daigle, LLC v. Stagg, 6:16-CV-01322, 2017 WL 4020923, at *1 (W.D. La. Sept. 7, 2017).

The bulk of the Town's objections relate to claims or parties that were dismissed. These objections are without merit. "The 'prevailing party' determination is a clear, mechanical one; when a judgment is entered in favor of a party, it is the prevailing party." Allianz Versicherungs, AG v. Profreight Brokers Inc., 99 Fed.Appx. 10, 13 (5th Cir. 2004). Therefore,

---

[7] The Court is aware of some additional authority to recover expenses under 42 U.S.C. § 1988:

> [U]nder 42 U.S.C. § 1988, a prevailing party may also recover "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone . . . because they are part of the costs normally charged to a fee-paying client." Associated Builders, 919 F.2d at 380. The award and calculation of costs and expenses are committed to the district court's discretion, though expenses that "are extravagant or unnecessary" must be disallowed. Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549, 553 (5th Cir. 1987).

DeLeon v. Abbott, 687 Fed.Appx. 340, 342 (5th Cir. 2017). However, the Court cannot determine that private investigator fees are "out-of-pocket" or "necessary" expenses in a case of this nature. This authority does justify an award of photocopying expenses and travel expenses to Howell.

> [a] party need not prevail on all issues to justify a full award of costs.... Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d). A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

Trafficware Grp., Inc. v. Sun Indus., LLC, CV 15-106-SDD-EWD, 2017 WL 4810001, at *3 (M.D. La. Oct. 25, 2017) (quoting U.S. v. Mitchell, 580 F.2d 789, 793 (5th Cir. 1978)).  The Court will not deny or reduce Howell's costs based upon claims, parties, or appeals that were dismissed.

The Town further objects to costs for a number of depositions and transcripts because the depositions were not used at trial or in any dispositive motion.  However, the Fifth Circuit has interpreted the language of 28 U.S.C. §1920 "to include documents 'reasonably expected to be used for trial or trial preparation' at the time it was obtained."  United States ex rel King v. Solvay Pharm., Inc., 871 F.3d 318, 335 (5th Cir. 2017) (internal citation and quotation omitted).  "'Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion.'"  Id. (quoting United States ex rel. Long v. GSDMIdea City, L.L.C., 807 F.3d 125, 130 (5th Cir. 2015)).  Upon careful review, the Court determines that each of the depositions and transcripts was reasonably expected to be used for trial or trial preparation, and thus "necessary" under § 1920, as the depositions involved defendants or potential witnesses.[8]

---

[8] The Town objects to some witness fees on similar grounds.  Those objections are likewise denied, as the witnesses referenced were called in reasonable anticipation of trial testimony.

The Town next objects to fees for service of subpoenas. However, these costs are recoverable:

> Although 28 U.S.C. § 1920 does not expressly authorize the payment of private process servers, the Fifth Circuit acknowledged, in <u>Gaddis v. United States</u>, 381 F.3d 444, 456 (5th Cir. 2004), that section 1920(1)'s phrase "fees of the clerk and marshal" has been interpreted to include private process servers' fees as taxable costs "because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose, not the U.S. Marshal."

<u>MCI Commc'ns Servs., Inc. v. Hagan</u>, CV 07-0415, 2010 WL 11549409, at *2 (E.D. La. Feb. 12, 2010).

Lastly, Howell admits to filing a "non-itemized" statement for $496.20 in photocopying expenses. But the Fifth Circuit has upheld a non-itemized statement of photocopying expenses where counsel certified, under penalty of perjury, that the copy costs were "necessarily incurred in this action." <u>United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.</u>, 414 F.3d 558, 574–75 (5th Cir. 2005). Broussard made an identical certification here. The submitted photocopying expenses are therefore allowable.

### 4. <u>Howell is entitled to recover $8,904.59 in costs and expenses.</u>

Given the rulings above, Howell is entitled to recover: (1) $8,206.45 in costs, as in Howell's Bill of Costs (Doc. 256); and (2) $698.14 in litigation expenses, consisting of $80 in "attendance fees" for his two retained experts and $618.14 in travel expenses. The total amount of costs and expenses awarded is therefore $8,904.59.

## III. <u>Conclusion</u>

For the foregoing reasons:

The Motion for Attorney Fees and Litigation Expenses (Doc. 255) filed by Plaintiff, Thomas R. Howell ("Howell") is hereby GRANTED IN PART and DENIED IN PART. As set forth above, Howell is hereby AWARDED $77,563.75 in attorney's fees and $8,904.59 in litigation costs and expenses.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 26th day of January, 2018.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE